FILED
2019 Nov-13 PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BRANDI SMITH, | ) |
|     Plaintiff | ) |
| v. | ) CASE NO. |
| BETHANY BETTERTON & UNIDENTIFIED MORGAN COUNTY JAILERS, | ) |
|     Defendants. | ) |

## COMPLAINT

Plaintiff Brandi Smith complains of defendants, stating as follows:

### Nature of the Action

1.    This is a civil action brought by Brandi Smith, who was denied certain constitutional rights by defendants while incarcerated in the Morgan County Jail. Specifically, defendants violated Smith's right, as a pretrial detainee, not to be subjected to excessive force.

### Jurisdiction and Venue

2.    This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3.    This judicial district is an appropriate venue under 28 U.S.C. §

1391(b)(2) because a substantial part of the events giving rise to the suit happened in this judicial district.

**Parties**

4. Brandi Smith is of legal age and a citizen and resident of the state of Alabama. She resides in Baldwin County, Alabama.

5. Defendant Bethany Betterton was a jailer at the Morgan County Jail at all relevant times.

6. Defendant Jailer #2 was a jailer at the Morgan County Jail at all relevant times.

7. Defendant Jailer #3 was a jailer at the Morgan County Jail at all relevant times.

8. All defendants are sued in their individual capacities only.

**Facts**

9. On or about April 20, 2019, plaintiff was arrested and booked into the Morgan County Jail.

10. During the booking process, both a jailer and a jail nurse had cleared plaintiff as not suicidal.

11. Multiple times during the booking process plaintiff told jail personnel she was not suicidal.

12. Plaintiff in fact was not suicidal, though she was very upset about the arrest. Plaintiff had never been arrested before.

13. After 11:00 p.m., defendant Betterton entered plaintiff's cell.

14. Preston Betterton, defendant Betterton's husband and a nurse at the jail working for the jail medical contractor, Quality Correctional Health Care, but not the nurse who cleared plaintiff earlier, stood behind defendant in the doorway.

15. Defendant Betterton asked plaintiff twice if she was suicidal.

16. Both times plaintiff told defendant she was not.

17. Defendant Betterton then became conversational with plaintiff. They talked about defendant's children (4 boys) and plaintiff's children (5 boys) and how difficult that was.

18. During the conversation, plaintiff agreed that boys could make a mom crazy or used similar words to the same effect but **never** said or implied she was suicidal.

19. Defendant Betterton then stated that plaintiff was suicidal, though Betterton knew plaintiff was not suicidal.

20. Preston Betterton then escorted plaintiff to a locker room.

21. Inside the locker room, defendant Betterton ordered plaintiff to take her clothes off.

22. As plaintiff was taking off her clothes, plaintiff asked why.

23. Defendant Betterton told plaintiff it was because she was suicidal. Defendant Betterton told plaintiff she would be required to wear a suicide vest.

24. While continuing to strip, plaintiff reminded defendant Betterton that she had never said she was suicidal and that she was not suicidal.

25. Defendant Betterton then pressed her Taser, in drive stun mode, into plaintiff's side.

26. Plaintiff went to her knees.

27. Defendant Betterton then called for backup.

28. Shortly thereafter, defendant Betterton was joined by Jailer #2 and Jailer #3.

29. Jailer #2 and Jailer #3 grabbed plaintiff, flipped plaintiff on her back, and started forcefully ripping plaintiff's clothes off.

30. After plaintiff was naked, Jailer #2 and Jailer #3 picked plaintiff up to her feet, slammed her face first against the lockers, and held her there while defendant Betterton drive stunned plaintiff again.

31. Jailer #2 and Jailer #3 then roughly put the vest on plaintiff.

32. Plaintiff was placed in a suicide cell and remained there until she was able to bond out after 4:00 p.m. the following day.

33. Plaintiff never refused to undress or to wear the suicide vest.

34. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, including embarrassment and humiliation.

35. The individual defendants acted with malice and/or with reckless indifference to plaintiff's constitutional rights.

### Count I - 42 U.S.C. § 1983 - Excessive Force

36. On or about April 20, 2019, defendant Betterton, Jailer #2, and Jailer #3, acting under color of law within the meaning prescribed by 42 U.S.C. § 1983, assaulted and battered plaintiff and/or failed to intervene to protect plaintiff from excessive force by other jailers despite an opportunity to do so. Defendants did thereby deprive plaintiff of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, they violated plaintiff's right, as a pretrial detainee, to be free from excessive force.

37. As a result of the conduct of defendants, plaintiff has been caused to suffer physical and emotional injuries and damages, including embarrassment and humiliation.

### Other Matters

38. All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

39. As relief, plaintiff seeks the following:

    a.  That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

    b.  That plaintiff be awarded against the individual defendants such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

    c.  That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

    d.  That plaintiff be awarded the costs of this action, reasonable attorney's fees, and reasonable expert witness fees;

    e.  That plaintiff be awarded appropriate declaratory and injunctive relief; and

    f.  That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated November 13, 2019.**

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

## Jury Demand

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III