# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **BRANDI SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO.: 5:19-cv-01843-LCB |
| | ) |
| **BETHANY BETTERTON &** | ) |
| **UNIDENTIFIED MORGAN** | ) |
| **COUNTY JAILERS,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT BETHANY BETTERTON'S ANSWER
## TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Bethany Betterton and answers the Plaintiff's Complaint (Doc. 1) as follows:

### Nature of the Action

1. The averments in this paragraph do not require a response from this Defendant. To the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied.

### Jurisdiction and Venue

2. This Defendant does not admit or deny the averments in this paragraph as they state a legal conclusion that should be better left to the court to determine rather than the parties.

3. Admitted.

1

## Parties

4. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

5. Admitted.

6. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

7. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

8. This Defendant does not admit or deny the averments in this paragraph as they state a legal conclusion that should be better left to the court to determine rather than the parties.

## Facts

9. Admitted.

10. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

11. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

12. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Defendant admits that Plaintiff drive stunned for a second time, however all other allegations are denied.

31. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

**Count I – 42 U.S.C. § 1983 – Excessive Force**

36. Denied.

37. Denied.

**Other Matters**

38. Defendant is without sufficient information or belief to admit or deny the averments in this paragraph.

**Relief Sought**

39. Defendant denies that Plaintiff is entitled to any relief sought.

a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

f. Denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff, separately and severally, fails to state a cause of action under

the Fourth Amendment to the United States Constitution.

2. Plaintiff's constitutional claims cannot be sustained as a matter of law.

3. Defendant asserts that she is not liable in any manner to Plaintiff regarding the allegations contained in the Complaint.

4. In her individual capacity, Defendant is entitled to qualified immunity from Plaintiff's claims under 42 U.S.C. § 1983.

5. Plaintiff lacks standing to seek any equitable relief.

6. Defendant asserts that the imposition of punitive damages under Alabama law is arbitrary and capricious inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature; Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt; further imposition of punitive damages under Alabama law is contrary to the due process and equal protection clauses of both the Constitution of the United States and the State of Alabama Constitution; and that imposition of punitive damages under Alabama law, even with Green Oil and Hammonds guidelines, is arbitrary and capricious, leading to "grossly excessive" punitive damage awards inasmuch as a jury is provided neither guidelines and reaching some rational ratio between compensatory and punitive damages, nor some rational relation between the Defendant's alleged conduct and the legitimate interest of the State to punish willful conduct and deter its repetition.

7. The Plaintiff's claims for punitive damages violates the Defendant's rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama, in that they are penal in nature, yet require a burden of proof by Plaintiff which is less than beyond a reasonable doubt.

8. Defendant denies that she has been guilty of any conduct which warrants the issue of punitive damages being submitted to the jury or which allows the Plaintiff to recover punitive damages.

9. Defendant reserves the right to amend this Answer to add additional affirmative defenses as discovery progresses.

Submitted this 13th day of December, 2019.

**/s/J. Randall McNeill**
J. RANDALL MCNEILL (ASB-4841-E29J)
Attorney for Defendant Bethany Betterton
WEBB & ELEY P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
(334) 262-1850 - T
(334) 262-1889 - F
rmcneill@webbeley.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on this the 13th day of December 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Henry F. (Hank) Sherrod III
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
hank@alcivilrights.com

                                         **/s/J. Randall McNeill**
                                         OF COUNSEL